## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

STAVENA AKINS-BRAKEFIELD,

      **Plaintiff,**

v.

PHILIP ENVIRONMENTAL SERVICES
CORPORATION, PSC INDUSTRIAL
OUTSOURCING, LP, PHILIP SERVICES
CORPORATION, PHILIP HOLDINGS, LLC
and PSC, LLC

      **Defendants.**                 **Case No. 08-cv-710-DRH**

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I.  Introduction

Before the Court is a Motion for Sanctions (Doc. 89), filed by defendant

Philip Environmental Services Corporation ("PESC") (now known as "PSC Industrial

Outsourcing, LP"), pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 11**, based on the

assertion that Plaintiff "deliberately maintain[ed] claims against PESC that are

knowingly time-barred and baseless" (Doc. 89, p. 1).  Plaintiff opposes the Motion

(Doc. 91).

PESC contends that Plaintiff's claims for Assault (Count V), Battery

(Count VI), Negligent Supervision (Count VII) and Willful FMLA violations (Count

VIII) were, on the face of her Second Amended Complaint, wholly devoid of merit and

time-barred, thus Plaintiff's counsel has violated **Rule 11**.  PESC previously addressed the limitations issue regarding these claims in its Motion to Dismiss (Doc. 73).  The Court dismissed Counts V, VI and VII, but found that Count VIII survived dismissal (*see* Doc. 139).  Thus, PESC's argument regarding Plaintiff's FMLA claim in Count VIII is now moot.  That leaves Plaintiff's claims of assault, battery and negligent supervision, alleged in Counts V through VII, respectively, for the Court to consider whether the filing thereof is sanctionable under **Rule 11**.

**FEDERAL RULE OF CIVIL PROCEDURE 11(b)** sets for an ethical standard regarding the representations a licensed and practicing attorney makes to a court as follows

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Plaintiff's counsel argues that he did, in fact, have a reasonable basis in the law for filing the claims of assault, battery and negligent supervision, despite PESC's admonishments that they were time-barred.  Plaintiff's counsel makes an argument that because under Illinois law, a battery consists by "making physical contact *of an insulting or provoking nature*," that this insulting and provoking nature of the conduct continued *after* the date of Plaintiff's employment, and therefore, it was his good faith belief that these claims would be timely (Doc. 91, p. 4, emphasis in original, citing **Jenkins v. Nelson, 157 F.3d 485, 497 (7h Cir. 1998)** and **720 Ill. Comp. Stat. 5/12-3**).

First, Plaintiff did not elaborate on this argument in her opposing Response (Doc. 95) to PESC's Motion to Dismiss.  Second, the Court finds it unavailing, as the statute cited for battery is from the Illinois criminal code.  The **Jenkins** case also cited by Plaintiff is, in fact, a habeas case dealing with the petitioner's conviction for criminal aggravated battery.  Not quite the same circumstances with this case and the Court does not believe such a definition of battery applies here – Plaintiff has also not shown otherwise.  However, this hardly amounts to a "callous disregard for the governing law" so as to warrant Rule 11 sanctions, which is more properly used to deter baseless and frivolous behavior, not to punish an attorney for his incorrect belief regarding the application of a law.  **See Harris v. Franklin-Williamson Human Serv., Inc., 97 F. Supp. 2d 892, 908-09 (S.D. Ill. 2000) (Herndon, J.) (citing Fries v. Helsper, 146 F.3d 452, 458 (7th**

Cir. 1998) (internal citation omitted)); *see also Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992). As the Seventh Circuit previously reasoned:

> While the Rule 11 sanction serves an important purpose, it is a tool that must be used with utmost care and caution. Even where, as here, the monetary penalty is low, a Rule 11 violation carries intangible costs for the punished lawyer or firm. A lawyer's reputation for integrity, thoroughness and competence is his or her bread and butter. We may not impugn the reputation without carefully analyzing the legal and factual sufficiency of the arguments.

*FDIC v. Tekfen Construction and Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988).

The Seventh Circuit also explained:

> [S]anctions do not inevitably flow from being wrong on the law. Otherwise Rule 11 sanctions would be imposed whenever a complaint was dismissed, thereby transforming it into a fee shifting statute under which the loser pays. This circuit has made it clear the Rule may not be so interpreted.

*Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Serv., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993) (citing *Mars Steel Corp. v. Continental Bank, N.A.*, 880 F.2d 928, 932 (7th Cir. 1989)).

Therefore, PESC's Motion for Rule 11 Sanctions (Doc. 89) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 17th day of March, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**