IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STAVENA AKINS-BRAKEFIELD,

    Plaintiff,

v.

PHILIP ENVIRONMENTAL SERVICES
CORPORATION, PSC INDUSTRIAL
OUTSOURCING, LP, PHILIP SERVICES
CORPORATION, PHILIP HOLDINGS, LLC
and PSC, LLC

    Defendants.                          Case No. 08-cv-710-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    Before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 97), filed by defendant PSC, LLC, pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)** and **12(b)(6)**. Plaintiff Stavena Akins-Brakefield has filed an opposing Response (Doc. 101), to which PSC, LLC has replied (Doc. 105), allowing the Court to address the issues presented.

    PSC, LLC, points out that it moves to dismissed solely on its own behalf, and not on behalf of its co-defendants (Doc. 97, p. 1, n.1). It also states that in

October 2008, it assumed the assets of co-defendant Philip Services Corporation ("PSC"), which is now known as Philip Holdings, LLC (*Id.*, p. 1, ¶ 1).[1]  PSC, LLC moves for a dismissal based on the same grounds that its co-defendant, PSC, included in its Motion to Dismiss (Doc. 98).  PSC, LLC states that it maintains derivative liability for any liability PSC may accrue in this suit (Doc. 98, p. 2, ¶ 4). Further, it asserts that because only the possibility of derivative liability exists, it cannot be held liable for any of Plaintiff's claims for which PSC is not found liable. Along those lines, PSC, LLC asserts that any claims which are dismissed against PSC must also be dismissed against it.

In Response (Doc. 101), Plaintiff reasserts the arguments made in her opposing Response (Doc. 100) to PSC's Motion to Dismiss (Doc. 98).  Additionally, she contends that PSC, LLC is not only derivatively liable for PSC, but should also be liable for the remainder of the co-defendants, asserting that it assumed all of their the interests and liabilities (Doc. 101, p. 2).  In support of this assertion, Plaintiff cites to her allegation in paragraph 4 of her Second Amended Complaint (Doc. 70):

> On information and belief, Philip Environmental Services Corporation ("PESC"); and/or PSC Industrial Outsourcing, LP; and/or Philip Services Corporation ("PSC"); and/or Philip Holdings, LLC; and/or PSC, LLC (collectively referred to as DEFENDANTS) was/were the employer of Brakefield, or joint employer, or in the alternative acquired and or assumed the interests of Brakefield's employer.

Additionally, Plaintiff offers the deposition testimony of corporate representative for

---

[1] Initially, PSC, LLC was formed as PSC Industrial Services, LLC on December 28, 2007 and later changed its name to PSC, LLC on January 10, 2008 (Doc. 97, p. 2, ¶ 3).

PSC and PESC, acknowledging that PSC, LLC assumed the holdings of PSC (now known as Philip Holdings, LLC) (Doc. 101, p. 2, citing Ex. 3, 13:16 - 14:5). Plaintiff reasons that because PSC, LLC did not provide any evidence that it is *not* liable for any of the other named Defendants' conduct, including PESC, it should also remain in suit via derivative liability for any of the co-defendants' liability.

The Court does not agree with Plaintiff's theory. In order to impose liability upon PSC, LLC, Plaintiff must do more than offer her conclusory allegation in paragraph four of her Second Amended Complaint, in light of the evidence – consisting of corporate deposition testimony, offered by Plaintiff – showing that PSC, LLC has assumed the assets of PSC (now Philip Holdings, LLC) *only*. As such, the Court will only find derivative liability exists for PSC, LLC as to PSC (now Philip Holdings, LLC). Further, because PSC, LLC was not in existence at the time of Plaintiff's employment or subsequent termination, it cannot be held liable in its own right for any of Plaintiff's claims. Therefore, the Court hereby incorporates by reference its findings and holdings in its Order (Doc. 141) granting in part and denying in part PSC's Motion to Dismiss (Doc. 98) so that it may also **GRANT IN PART** and **DENY IN PART** PSC, LLC's Motion to Dismiss (Doc. 97).

As such, the same counts in Plaintiff's Second Amended Complaint (Doc. 70) which remain pending against PSC (now known as Philip Holdings, LLC) are the same that shall remain pending against PSC, LLC. Thus, the remaining counts pending against PSC, LLC from Plaintiff's Second Amended Complaint (Doc. 70) are:

    Count I - Discrimination under Title VII;

    Count II - Discrimination under the Equal Pay Act ("EPA");

    Count III - Retaliation under Title VII;

    Count IV - Retaliation under the EPA; and

    Count VIII - Willful Violation of the FMLA

In addition, Plaintiff's claims of Assault, Battery and Negligent Supervision in **Counts V, VI and VII**, respectively, are **DISMISSED WITH PREJUDICE** against PSC, LLC and Plaintiff's IHRA claims in **Counts IX and X** are **DISMISSED WITHOUT PREJUDICE** against PSC, LLC.

    **IT IS SO ORDERED**.

    Signed this 17th day of March, 2010.

    /s/     David R. Herndon
    **Chief Judge**
    **United States District Court**