IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STAVENA AKINS-BRAKEFIELD,**

    **Plaintiff,**

**v.**

**PHILIP ENVIRONMENTAL SERVICES CORPORATION, et al.,**

    **Defendants.**        Case No. 08-cv-710-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

    Before the Court is an Objection to Plaintiff's Designation of Bonnie Schwender as an "Expert" (Doc. 128), filed by defendant Philip Environmental Services Corporation ("PESC") (now known as "PSC Industrial Outsourcing, LP"). Plaintiff has filed an opposing Response to the Objection (Doc. 130), to which PESC has replied (Doc. 132).[1]  Plaintiff has brought suit alleging claims of sexual discrimination against her employer(s), including PESC, which she claims stemmed from various incidents of sexual harassment by her coworkers.  Bonnie Schwender

---

[1] The Court finds that PESC has failed to show "exceptional circumstances" warranting the filing of its Reply, as required under **Local Rule 7.1**.  However, the Court alternatively finds that even if the Reply were to have been considered as part of the Court's analysis, it would not have altered the Court's ruling on PESC's Objection.

is a licensed psychologist who was one of Plaintiff's treating mental health care providers (Doc. 128, p. 1). PESC contends that Plaintiff has failed to meet the requirements of **FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)** regarding its designation of Schwender as an expert witness for trial. PESC further objects to Plaintiff's designation of Schwender as an "expert" witness on the following grounds: (1) Schwender's inability to recall her sessions with Plaintiff during her deposition; (2) Schwender is not an expert on trauma or its affects on mental health; and (3) Schwender has not treated Plaintiff in over three years (Doc. 128). Thus, PESC moves to bar Schwender's testimony in its entirety. The Court's discussion of PESC's arguments herein detail why it finds cause to overrule PESC's objection.

1.  **Rule 26 Disclosure**

PESC notes that Plaintiff failed to disclose Schwender as an expert in her initial Rule 26 disclosures and it was not until she responded to PESC's interrogatories, on April 24, 2009, that it was apprised of this designation (Doc. 128, Ex. 1 - Plaintiff's Response to Defendant's Interrogatory No. 7). Under Rule 26(a)(2)(A), a party must, as part of its initial disclosures, identify the names of any expert witness it may use. **FED. R. CIV. P. 26(a)(2)(A)**. Under Rule 26(a)(2)(B), a written report signed and prepared by the expert witness must accompany the disclosure if the expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." **FED. R. CIV. P. 26(a)(2)(B)**. Here, Plaintiff did not

provide Schwender's written report and the deadline for doing so has now passed (*see* Docs. 33 & 82).[2] Therefore, the Court construes Plaintiff's designation of Schwender as a potential expert witness in the capacity as a treating medical provider only. There is no evidence that she was retained specifically for the purposes of rendering an expert opinion during trial and PESC does not offer anything to create this supposition.[3] PESC also does not contend the fact that Plaintiff saw Schwender prior to filing her lawsuit. The Advisory Committee Notes to the 1993 Amendments of Rule 26 state, "A treating physician, for example, can be deposed or called to testify at trial without the requirement for a written report."

Therefore, because the Court has determined that as a treating physician (or medical provider), Plaintiff need not have produced a written report prepared and signed by Schwender, the issue then becomes determining the allowable scope of her expert testimony. Without a Rule 26(a)(2)(B) report, a treating medical provider, such as Schwender, must limit her testimony to her observations, diagnosis and treatment of Plaintiff. However, she may not opine further as to causation (other than as it relates to the diagnosis made, if applicable, during treatment of Plaintiff), prognosis or Plaintiff's future disability, as this goes beyond

---

[2] The Court notes that in her Supplemental Response to PESC's Interrogatory No. 7, Plaintiff states, "Said experts will provide their opinions produced in discovery documents, written discovery, responses to subpoenas and depositions" (Doc. 128, Ex. 2, p. 3). Yet, this will not suffice to meet the written report requirement.

[3] In fact, in her Response, Plaintiff explains Schwender "is both a fact witness and an expert witness . . ." (Doc. 130, ¶ 1). This lends to the Court's deduction that Schwender's anticipated testimony will center on her treatment of Plaintiff.

Schwender's personal involvement and amounts to an opinion that has been essentially formed for the purposes of Plaintiff's lawsuit. ***See, e.g., Bell v. Ill. Cent. R.R. Co.*, 2006 WL 3841544 (S.D. Ill. Dec. 14, 2006) (Herndon, J.) (citing *Musser v. Gentiva Health Serv.*, 356 F.3d 751, 758 n.3 (7th Cir. 2004); *Griffith v. Northeast Ill. Regional Commuter R.R. Corp.*, 233 F.R.D. 513, 518 (N.D. Ill. 2006))**.

Therefore, because Plaintiff is not required to provide a written report for Schwender under Rule 26(a)(2), the Court finds she is not in violation of the rule's requirements. As a caveat, the Court notes that the record does not appear to show whether Plaintiff included Schwender in her initial (or supplemental) Rule 26 disclosures. Therefore, the Court **DIRECTS** Plaintiff to formally supplement her **Rule 26** disclosures in this regard, if she has not already done so, by **Tuesday, May 25, 2010**.

2. **Schwender's Recollection of her Sessions with Plaintiff**

PESC argues that Schwender's testimony should be barred on the grounds that during her deposition, she could not recall the specifics of her counseling sessions with Plaintiff. Rather, PESC contends that Schwender merely read from her notes taken during each counseling session, and therefore did not testify based on her personal recollection (Doc. 128, p. 2). PESC moves to exclude on these grounds pursuant to **FEDERAL RULES OF EVIDENCE 602** and **612**. Rule 602 permits a witness to testify only if the witness has personal knowledge as to the

subject matter of the testimony. PESC asserts that although Rule 612 permits a witness to use a writing to refresh her recollection, if the writing does not sufficiently refresh the witness's memory, the witness should not be allowed to testify (Doc. 128, pp. 4-5).

The Court has reviewed the transcript of Schwender's deposition in its entirety, as submitted by PESC (Doc. 128, Ex. 3 - Schwender Dep.). After its review, the Court finds that PESC's position is not completely accurate. Schwender has some recollection of her sessions with Plaintiff, as is evidenced by several of her statements made during her deposition. The fact that a treating counselor is unable to recall every fact of every session she conducted with Plaintiff is hardly a reason to disqualify her testimony. Certainly, during trial, Defendants are free to voice their objections if it becomes apparent that Schwender either fails to testify from her personal knowledge or from a refreshed recollection using her session notes. For the time being, however, the Court will not entertain this argument as valid grounds for barring Schwender's testimony or striking her as an expert witness.

**3.    Schwender is not an Expert on Trauma or its Affects on Mental Health**

PESC notes that in her deposition, Schwender conceded she does not consider herself to be an expert in either trauma, anti-social behaviors or post-traumatic stress disorders (Doc. 128, p. 5, citing Ex. 3 - Schwender Dep., pp. 23, 43, 45, 167-68). Further, PESC notes that Schwender's counseling was limited to dealing with Plaintiff's substance abuse issues and not any other mental health issues (*Id.*, citing Ex. 3 at pp. 36-37, 228 & 264). PESC also notes that during Schwender's

deposition, Plaintiff's own counsel voiced an objection to one of Defendant's questions, stating that Schwender was not qualified to testify regarding her knowledge of such mental health issues (*Id*., citing Ex. 3, pp. 36, 42-43, 47-47, 67, 78, 89 & 126). As such, PESC objects to any trial testimony from Schwender regarding said mental health issues.

In response, Plaintiff states that Schwender is a licensed clinical psychologist who is capable of testifying as to issues such as depression and anxiety (Doc. 130, ¶¶ 1 & 3). Plaintiff attaches Schwender's Curriculum Vitae in support (Doc. 130, Ex. 1). As the Court stated earlier in this Order, because Plaintiff has not disclosed Schwender as a Rule 26(a)(2)(B) expert witness, she can only testify in her capacity as Plaintiff's treating medical provider. Schwender may not opine on the topics of either depression or anxiety in general, nor any other mental health issue for that matter, unless such testimony relates specifically to Plaintiff's condition as observed during the time of her counseling with Schwender.

**4.     Schwender Has Not Treated Plaintiff in Over Three Years**

Lastly, PESC argues that Schwender should be barred from testifying as an expert because she has not treated Plaintiff for over three years (Doc. 128, p. 6). In turn, Plaintiff admits that she was treated by Schwender from October 20, 2006 through December 26, 2006 (Doc. 130, ¶ 1). As the Court has previously stated, Schwender will not be allowed to testify regarding causation, prognosis or Plaintiff's future disability for issues extending past the time she treated Plaintiff. The Court does not believe the fact that Schwender has not treated Plaintiff in the

past three years warrants grounds to exclude her testimony.

For these reasons, the Court **OVERRULES** PESC's Objection (Doc. 128), however, it limits the scope of Schwender's testimony as explained herein.  Further, the Court reminds Plaintiff of her obligation to supplement her Rule 26 disclosures regarding Schwender by May 25, 2010.

**IT IS SO ORDERED**.

Signed this 10th day of May, 2010.

/s/     DavidRHerndon

**Chief Judge**
**United States District Court**