IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STAVENA AKINS-BRAKEFIELD,**

    **Plaintiff,**

v.

**PHILIP ENVIRONMENTAL SERVICES CORPORATION, et al.,**

    **Defendants.**                               Case No. 08-cv-710-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On March 17, 2010, the Court entered several orders (Docs. 139, 141 & 142), granting a partial dismissal of Plaintiff's Second Amended Complaint (Doc. 70). Specifically, the Court dismissed without prejudice Counts IX and X, brought pursuant to the Illinois Human Rights Act ("IHRA"), **775 ILL. COMP. STAT. 5/1-101 - 5/10-104**, against all Defendants, finding that because Plaintiff had failed to exhaust her administrative remedies under the IHRA, it did not have jurisdiction over these claims. Plaintiff now moves for a reconsideration of the dismissal (Doc. 143), which Defendants oppose (Doc. 146).[1] The issues are now properly before the Court and

---

[1] Plaintiff also filed a Reply (Doc. 147), which prompted the Court to issue an order directing her to comply with its Local Rule 7.1(g) (Doc. 148). In accordance to the Court order, Plaintiff filed a "Recitation of Exceptional Circumstances in Support of [Her] Right to File a Reply Brief" (Doc. 149). Upon review of her recitation, the Court will also consider Plaintiff's Reply in its analysis herein.

ripe for ruling.

## II. Discussion

### A. Legal Standard

In Plaintiff's Motion, she moves for the Court's reconsideration of its orders dismissing Counts IX and X against Defendants. Plaintiff does not, however, state the legal basis authorizing her to make such a motion. Defendants, in their Response, assuming she requests relief pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**, assert that under the rules of federal civil procedure, "motions to reconsider do not technically exist" (Doc. 146, p. 2, citing ***Eiland v. Arctic Food Serv., Inc.*, No. 08-cv-0066-DRH, 2008 LEXIS 88210 at \*2 (S.D. Ill. Oct. 31, 2008) (Herndon, J.)**). Defendants construe Plaintiff's Motion as one which challenges the Court's dismissal orders as an erroneous application of law and therefore, to be analyzed under Rule 59(e) (Doc. 146, pp. 2-3). Defendants continue, asserting that Rule 59(e) requires a movant to show that the error made by the Court was a "manifest error of law" (*Id.* at 2-4, ***citing Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)**). Defendants further argue that Plaintiff has failed to show that the Court committed a manifest error of law in determining that she had failed to exhaust her administrative remedies under the IHRA and therefore, it does not have jurisdiction over her IHRA claims in Counts IX and X against Defendants.

In her Recitation of Exceptional Circumstances (Doc. 149), Plaintiff contests Defendants' assumption that she is moving pursuant to Rule 59(e), pointing

out that because the dismissal was *without* prejudice and her other claims were not dismissed, the Court's ruling was not a judgment. Therefore, Plaintiff not only concludes that a Rule 59(e) analysis is inapplicable to her Motion for Reconsideration, she also concludes that she is not required to establish that the Court made a manifest error of law (*Id*. at 1). What is problematic, however, is that Plaintiff fails to cite *any* legal basis for her request for reconsideration. Therefore, the Court will deem her Motion filed pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**, which allows a party to seek relief from a final judgment or order. Its analysis will thus proceed in accordance to the standard set forth by Rule 60(b).

Essentially, "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" ***Karraker v. Rent-A-Center,* Inc., 411 F.3d 831, 837 (7th Cir. 2005)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997))**. A Rule 60(b) motion permits relief from a final judgment, order or proceeding when it is based on one of six specific grounds listed in the rule. **See *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)**. Rule 60(b) provides, in pertinent part, that "[t]he Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." **FED. R. CIV. P. 60(b)(1)**.

Motions to reconsider interlocutory orders "are left subject to the complete power of the court rendering them" and should be granted "as justice

requires," **FED. R. CIV. P. 60 Advisory Committee's Notes**, and must be "consonant with equity." *John Simmons Co. v. Grier Brothers*, **258 U.S. 82, 90-91 (1922)**; *see also* 12 **JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60 App.108[2] (3d ed. 2004)**. However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, **90 F.3d at 1270**. Thus, Rule 60(b) "is not an appropriate vehicle for addressing simple legal error . . . ." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, **51 F.3d 746, 749 (7th Cir. 1995)**.

**B.      Analysis**

Essentially, Plaintiff challenges the Court's interpretation of the IHRA in its conclusion that Plaintiff was not privy to the 2008 amendments of the IHRA, which allow a complainant, such as Plaintiff, to file IHRA claims directly in a circuit court (*see, e.g.*, Doc. 139, pp. 15-16). These amendments to the IHRA apply only to charges filed after January 1, 2008 (*Id.* at 16). For charges filed prior to January 1, 2008, under the IHRA, a complainant is required to first bring (and then to perfect) the charge before the Illinois Department of Human Rights ("IDHR") (*Id.*). There is no dispute regarding the Court's finding that Plaintiff filed her charge with the IDHR before January 1, 2008. Plaintiff's contention is that because she filed her civil complaint in this district court after January 1, 2008, the IHRA 2008 amendments should apply. In support, Plaintiff cites to **775 ILL. COMP. STAT. 5/8-**

**111(F) (West 2010)**, which reads: "The changes made to this Section by this amendatory Act of the 95th General Assembly apply to charges **or complaints** filed with the Department or the Commission on or after the effective date of those changes" (Doc. 143, p. 1) (emphasis originally added by Plaintiff). Plaintiff thereafter cites a passage of text from the House Bill 1509, detailing the changes made to the section of the IHRA that deals with the requisite procedures for filing a charge with the IHRA, **775 ILL. COMP. STAT. 5/7A-102 (West 2010)** (*Id.* at 2-4, citing H.B. 1509, 95th Gen. Assem. (Ill. 2007)). Reasoning that the term "complaint" as used within the IHRA is not synonymous with the term "charge," Plaintiff deduces:

> [I]t is quite possible for a charge to have been filed prior to January 1, 2008 and a "complaint" to be filed after that date. . . . It is clear that the legislature intended to allow an aggrieved party who had not yet filed a complaint to have the benefit of the changes in the law.

(*Id.* at 4) (emphasis originally added by Plaintiff).

First, the Court finds no grounds which would warrant reconsideration of its March 17, 2010 orders dismissing Plaintiff's IHRA claims in Counts IX and X of her Second Amended Complaint. In other words, Plaintiff is asserting the argument that the Court committed a mistake of law in its interpretation of the applicability of the 2008 amendments to the IHRA. The argument Plaintiff presents in her instant motion should have initially been presented as part of her response to Defendants' several motions to dismiss. If such argument *was* previously made, however, then Plaintiff's instant motion for reconsideration constitutes a mere

rehashing of her prior argument. Either way, the Court fails to find that Plaintiff has shown an exceptional circumstance warranting relief from its dismissal orders.

Secondly, if the Court were to consider the substance of Plaintiff's Motion to Reconsider, it alternatively finds that unlike Plaintiff argues, it did not commit a mistake of law. As Defendants accurately note in their Response, the crux of Plaintiff's argument ignores the context in which the term "or complaint" is used in **775 ILL. COMP. STAT. 5/8-111(F) (West 2010)** (Doc. 146, p. 5). While it does connote a distinction between charges and complaints, it does not pertain to complaints filed in a circuit (or district) court, as Plaintiff attempts to advance. It is clear from a plain language interpretation of the statute that the 2008 amendment changes to the IHRA applies to charges "or complaints *filed with the Department or the Commission* on or after the effective date of those changes." **775 ILL. COMP. STAT. 5/8-111(F) (West 2010) (emphasis added)**. It remains undisputed, as Defendants assert, that Plaintiff only filed a charge, not a complaint, with either the IDHR or the Commission (Doc. 146, p. 5, n.2). Further, Defendants also note Plaintiff's assertion that **775 ILL. COMP. STAT. 5/7A-102** supports her position that the 2008 IHRA amendments should apply to her complaint in this case. The portion of Section 5/7A-102 cited by Plaintiff reads as follows:

> The Department shall, within 10 days of the date on which the charge was filed, and again no later than 335 days thereafter, send by certified or registered mail written notice to the complainant and to the respondent informing the complainant of the complainant's right to either file a complaint with the Human Rights Commission or commence a civil action in the appropriate

> circuit court under subparagraph (2) of paragraph (G), including in such notice the dates within which the complainant may exercise this right. <u>In the notice the Department shall notify the complainant that the charge of civil rights violation will be dismissed with prejudice and with no right to further proceed if **a written complaint** is not timely filed with the Commission or with the appropriate circuit court by the complainant</u> pursuant to subparagraph (2) of paragraph (G) or by the Department pursuant to subparagraph (1) of paragraph (G).

(Doc. 143, p. 2, citing **775 Ill. Comp. Stat. 5/7A-102(B)**, emphasis originally added by Plaintiff.)

Defendants appropriately note that this provision refers to written complaints filed with a circuit court "pursuant to subparagraph (2) of paragraph (G) or by the Department pursuant to subparagraph (1) of paragraph (G)." Continuing, Defendants recite the language of **775 Ill. Comp. Stat. 5/7A-102(G)(2)**, which reads, in pertinent part, "If the Department has not issued its report within 365 days after the charge is filed . . . the complainant shall have 90 days to either file his or her own complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court." As Defendants correctly recall, the IDHR *did* issue its report of findings within the 365 days after Plaintiff filed her charge. As such, **775 Ill. Comp. Stat. 5/7A-102(B)** does not actually apply to Plaintiff's complaint in this case.

As an initial matter, the distinction Plaintiff attempts to draw between the term "charge" and "complaint" within the IHRA is of little consequence to her instant Motion. Although the Court agrees with Plaintiff's assertion that the two terms are used distinctly, Plaintiff thereafter diverges in her legal analysis. She first

notes that Section 7A-102(J) limits the applicability of the 2008 IHRA amendments to Section 7A-102 to *charges* filed on or after January 1, 2008. Plaintiff then compares this with Section 8-111(F), which limits the 2008 IHRA amendments applicable to Section 8-111 to either charges *or complaints* filed on or after January 1, 2008. Thus, Plaintiff asserts that because of the distinct difference in the limitation of the applicability of the 2008 IHRA Amendments to Section 7A-102 versus Section 8-111, it is clear that the Illinois Legislature "intended to provide a means for an aggrieved party who had filed a charge prior to the effective date of the amendments to the Act to utilize the courts at such time as his/her charge matured into an action to file in circuit court" (Doc. 147, p. 3, citing **775 ILL. COMP. STAT. 5/7A-102(J)** and **775 ILL. COMP. STAT. 5/8-111(F)**).

The Court does not agree. Section 7A-102 of the IHRA deals with procedures. **775 ILL. COMP. STAT. 5/7A-102**. Among other things, it details how a party would actually go about filing a complaint as well as the statutory prerequisites which allow a party to file a complaint. Therefore, because this provision only contemplates the filing of a complaint, rather than acknowledges that a complaint has been filed, the Court finds that there was no need for Section 7A-102(J) to include the term "complaints" in its limiting language regarding the applicability of the 2008 IHRA amendments. **775 ILL. COMP. STAT. 5/7A-102(J)**. Conversely, Section 8-111 covers court proceedings, whereby the Court finds that the applicability of this provision presumes that a party has met the statutory

prerequisites and has, or is intending to, properly file a complaint. **775 ILL. COMP. STAT. 5/8-111**. As such, there is good reason to include the phrase "charges" or complaints" in Section 8-111(F) in its limiting language regarding the applicability of the 2008 IHRA amendments. **775 ILL. COMP. STAT. 5/8-111(F)**.

To suggest, as Plaintiff does, that the Illinois Legislature would allow a party who had filed a charge with the IDHR *prior* to the January 1, 2008 effective date of the amendments to take advantage of these amendments because a complaint had thereafter been filed with a court after January 1, 2008, would essentially create a special exemption from the limitations of the amendments themselves. Plaintiff offers nothing in the way of legislative history or other Illinois case law which speaks directly to this issue or even so much as implies such an interpretation. What is elucidating, however, is the fact that Plaintiff failed to properly follow the specific instructions detailed by the IDHR in its letters regarding her charge (as cited in the Court's March 17, 2010 dismissal orders – *see, e.g.* Doc. 139, pp. 16-20). Whether it was due to an oversight or a mistaken belief of the applicability of the amended IHRA to her claims is unknown. However, as the Court stated in its dismissal orders, an agency is in the best position to interpret its own rules and regulations and this includes statutory provisions in the IHRA. The IDHR at no time instructed Plaintiff that she had the option of filing a civil complaint, with the exception of its April 14, 2009 letter stating that she could commence a civil action in the appropriate circuit court if the IDHR failed to issue its report of findings within 365

days from the date she filed her perfected her notarized charge (*see* Doc. 139, p. 18, citing Doc. 95, Ex. 22).  However, it remains undisputed that the IDHR timely issued its report of findings (titled "Notice of Dismissal") and therefore, she did not have the option of immediately filing a complaint with this court.

### III.  Conclusion

Because the Court finds that Plaintiff's Motion to Reconsider does not constitute adequate grounds to warrant Rule 60(b) relief, the Motion (Doc. 143) is **DENIED**.  Alternatively, the Court finds that even if it considers the specific arguments raised by Plaintiff's Motion, they are without merit to warrant the relief sought.

**IT IS SO ORDERED**.

Signed this 17th day of May, 2010.

/s/  *David R Herndon*
**Chief Judge
United States District Court**